# EXHIBIT A

**LaBarbiera & Martinez**
By: Luis A. Martinez, Esq.
Attorney ID: 038101990
9252 Kennedy Boulevard
North Bergen, New Jersey 07047
Tel. No: (201) 854-6444
Fax No: (201) 854-6442
Attorney for Plaintiff: **Pablo Otero**

| | |
|---|---|
| Pablo Otero,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown)<br><br>　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO. MID-L-<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, **Pablo Otero**, residing at 845 Monroe Ave., in the City of Elizabeth, and State of New Jersey, by way of complaint against the Defendants, says:

### FIRST COUNT

1. On or about October 16, 2017, Plaintiff, **Pablo Otero**, was the operator of a motor vehicle traveling north bound on the New Jersey Turnpike, in the Township of Cranbury, County of Middlesex, and State of New Jersey.

2. At the aforesaid time and place, a vehicle owned by Defendant(s) **Swift Transportation Co. of Arizona**., JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown) and operated by Defendant **George w. Hubbert, Jr.**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown) was traveling north bound on the New Jersey Turnpike, in the Township of Cranbury, County of Middlesex, and State of New Jersey.

3. At the aforesaid time and place, a vehicle owned by Defendants **Mahone Transports, Wymeka N. Mahone**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities

are currently unknown) and operated by Defendant **Nigelco D. Mahone**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO.1-10 (being fictitious business entities whose identities are currently unknown) was traveling north bound on the New Jersey Turnpike, in the Township of Cranbury, County of Middlesex, and State of New Jersey.

4. At the aforesaid time and place, the Defendants operated their respective vehicles in such a careless, reckless and negligent manner so as to cause a collision between the vehicles.

5. As a result of the aforesaid collision, Plaintiff, **Pablo Otero**, was caused to sustain severe and grievous personal injuries resulting in damages for which he makes this claim.

WHEREFORE, Plaintiff, **Pablo Otero**, hereby demands judgment against the Defendants, jointly and severally, for damages, interest, attorney's fees and costs of suit.

## SECOND COUNT

1. Plaintiff, **Pablo Otero**, repeats, reiterates and re-alleges the allegations of the First Count of this Complaint as if set forth herein at length.

2. Upon information and belief and at all times herein before mentioned, the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown) were corporations and/or companies doing business in the State of New Jersey.

3. At all times hereinafter mentioned, the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown) were corporations and/or companies doing business in the State of New Jersey, were the owners, lessors, lessees and/or renters of certain vehicles which were being operated with their permission by Defendants, **George W. Hubbert Jr., Nigelco D. Mahone**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), as their agents, servants, and/or employees.

4. On or about October 16, 2017, and at all times relevant hereto, the Defendants, **George W. Hubbert Jr., Nigelco D. Mahone**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), were operating the said vehicles of the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious

business entities whose identities are currently unknown) in the service of and in the course of their employment with the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown) and thereby at all times herein mentioned, were acting as the agents, servants and/or employees of the said Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown)

5. As a result of the negligence, carelessness and recklessness of the Defendants, **George W. Hubbert Jr., Nigelco D. Mahone**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), in the operation of the aforesaid motor vehicles while in the course of their employment and in the service of the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), severe and serious injuries and other damages were caused to the Plaintiff, **Pablo Otero**.

6. As a result of the acts of negligence, carelessness and recklessness of Defendants, **George W. Hubbert Jr., Nigelco D. Mahone**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), as stated above, while in the course of their employment with and in the service of the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), said Defendants are liable to the Plaintiffs for the negligent and reckless acts above stated of their agents, servants and/or employees, Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), under the doctrine of Respondeat Superior and for all personal injuries and other damages herein sustained.

WHEREFORE, Plaintiff, **Pablo Otero**, hereby demands judgment against the Defendants, jointly and severally, for damages, interest, attorney's fees and costs of suit.

## THIRD COUNT

1. Plaintiff, **Pablo Otero**, repeats, reiterates and re-alleges the allegations of the previous Counts of this Complaint as if set forth herein at length.

2. Upon information and belief and at all times herein before mentioned, the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown) were corporations and/or companies doing business in the State of New Jersey.

3. At all times hereinafter mentioned, the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown) were corporations and/or companies doing business in the State of New Jersey, were the owners, lessors, lessees and/or renters of certain vehicles which were being operated with their permission by Defendants, **George W. Hubbert Jr., Nigelco D. Mahone**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), as their agents, servants, and/or employees.

4. On or about October 16, 2017, and at all times relevant hereto, the Defendants, **George W. Hubbert Jr., Nigelco D. Mahone**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), were operating the said vehicles of the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown) in the service of and in the course of their employment with the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown) and thereby at all times herein mentioned, was acting as the agents, servants and/or employees of the said Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown)

5. As a result of the negligence, carelessness and recklessness of the Defendants, **George W. Hubbert Jr., Nigelco D. Mahone**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), in the operation of the aforesaid motor vehicles while in the course of their employment and in the service of the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities

whose identities are currently unknown), severe and serious injuries and other damages were caused to the Plaintiff, **Pablo Otero**.

6. As a result of the acts of negligence, carelessness and recklessness of Defendants, **George W. Hubbert Jr., Nigelco D. Mahone**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), as stated above, while in the course of their employment with and in the service of the Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), said Defendants are liable to the Plaintiffs for the negligent and reckless acts above stated of their agents, servants and/or employees, Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports**, JOHN DOES 1-10 (being fictitious persons whose identities are currently unknown) and ABC CO. 1-10 (being fictitious business entities whose identities are currently unknown), under the doctrine of Respondeat Superior and for all personal injuries and other damages herein sustained.

WHEREFORE, Plaintiff, **Pablo Otero**, hereby demand judgment against the Defendants, jointly and severally, for damages, interest, attorney's fees and costs of suit.

### JURY DEMAND

Pursuant to R. 1:8-2(b), Plaintiff hereby demand a Trial by Jury on all the issues raised in the within Pleadings.

LABARBIERA & MARTINEZ
Attorneys for Plaintiff

Date: October 17, 2018         BY: _____

LUIS A. MARTINEZ, ESQ.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, LUIS A. MARTINEZ, is designated as trial counsel.

### DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(ii), Plaintiff hereby demands that, in lieu of service of interrogatories, that Defendants provide answers to the uniform interrogatories set forth in Form C of Appendix II. Pursuant to R. 4:17-4(b), said Defendants shall serve answers upon Plaintiff within sixty (60) days from the date that this Demand was served.

Pursuant to R. 4:17-1(b)(i), Plaintiff reserves the right to propound supplemental interrogatories.

### NOTICE TO TAKE DEPOSITIONS

PLEASE TAKE NOTICE THAT, in accordance with the Rules of Civil Practice and Procedure, Defendants, **George W. Hubbert Jr., Swift Transportation Co. of Arizona, Nigelco D. Mahone, Wymeka N. Mahone, Mahone Transports** testimony will be taken by deposition upon oral examination before a person authorized by the laws of the State of New Jersey to administer oath on a date to be determined, at the offices of LaBarbiera & Martinez, 9252 Kennedy Boulevard, North Bergen, New Jersey, with respect to all matters relevant to the subject matter involved in this action.

LABARBIERA & MARTINEZ
Attorneys for Plaintiff

Date:   October 17, 2018          BY: _____
                                  LUIS A. MARTINEZ, ESQ.

### CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated.

LaBARBIERA & MARTINEZ
Attorneys for Plaintiff

By: _____
LUIS A. MARTINEZ, ESQ.

Date:  October 17, 2018

### PLAINTIFF'S DEMAND FOR DISCOVERY

PLEASE TAKE NOTICE that you are required to provide the following materials pursuant to the applicable provisions of Rule 4:10 and Rule 4:18 returnable at the offices of LaBarbiera and Martinez, 9252 Kennedy Blvd., North Bergen, NJ 07047, within thirty (30) days of service of this notice, as per the enumerated subdivisions below:

(A)   AS TO THE DEMAND FOR VIDEOS, SURVEILLANCE MATERIALS, OUT-TAKES, PHOTOGRAPHS, ETC.:

   a.   All photographs, slides, videotapes, or audiotapes, transcripts, or memoranda thereof, and/or motion pictures, surveillance photographs/motion pictures, out-takes, tape

recording, movies, visual, optical and/or audio and/or magnetic reproductions of descriptions of each plaintiff purporting to depict the plaintiff, plaintiff's activities, actions, speech, etc.

 b. All photographs of the scene of the underlying occurrence;

 c. All photographs of the vehicles (if applicable) involved in the underlying occurrences;

 d. All photographs (if applicable) of the instrumentality (e.g., machinery, product, etc.) involved in the underlying occurrence; and

 e. The time records, records of amount of footage of film or videotape used; the type of equipment used to take, develop, and convert such film or videotape; the make and model of all equipment, lenses and range settings employed by defendant(s) and/or defendant('s)(s') photographers, investigators, and/or other used or associated in conjunction with the surveillance, tape recordings, etc., of the injured plaintiff and all memoranda pertaining thereto.

 NOTE:(A) The discovery of materials enumerated in items 1 through 5 of this subdivision (A) require the production of all such materials (e.g., surveillance photographs, motion pictures, videotapes, visual and/or audio reproductions, out-takes, etc.), not merely the portions that defendant(s) will select to proffer into evidence at the trial of this action.

 NOTE:If the defendant(s) fail to disclose such surveillance materials (using the words generically) prior to plaintiff's deposition, then plaintiff shall:

 (1) Move at the trial to exclude all such surveillance and its by-products; and/or

 (2) Move the exclude/suppress all of plaintiff's deposition testimony relating to the improperly suppressed/undisclosed pre-disposition surveillance materials and its progeny; and/or

 (3) Seek other appropriate and equitable relief at trial by reason of defendant ('s)(s') non-compliance with this demand.

 NOTE:(C) The "surveillance materials" referred to above are to be produced at the undersigned's office for inspection and copying within twenty (20) days after the completion of your deposition of the plaintiff(s).

 NOTE:(D) This constitutes a continuing demand.

 NOTE:(E) In the event that any such surveillance materials come into your possession, custody or control, or into the possession, custody or control of any party you represent in this action and/or any individual or entity acting on behalf of any party after the date of this demand, such materials must be produced at the office of the undersigned for inspection and copying forthwith and within a reasonable time prior to the trial herein pursuant to this continuing demand/notice.

(B) AS TO THE DEMAND FOR "PARTY STATEMENTS":

 You are required to reproduce any and all statements in the possession, custody or control of any party you represent in this action and/or on whose behalf such statements were taken from the plaintiff(s) we represent, or from any agent, servant or employee f such plaintiff, whether such statements were oral, written, or electronically recorded, irrespective of whether or not such statements have been transcribed or reduced to written or typed form.

(C) AS TO INSURANCE (BASIC, ESCESS, UMBRELLA, "CATASTROPHE", ETC.) INFORMATION:

 Pursuant to Rule 4:10-2(b), plaintiff(s) demand(s) that the defendant(s) produce the following:

(1) A complete, true, and accurate copy of the original policies of insurance covering each and every primary, contributing, umbrella, catastrophe, and/or excess insurance agreement under which any person or entity carrying on any insurance business may be liable to satisfy part or all of a judgment that may be entered in this action against any and/or all defendant(s), or to indemnify or reimburse for payments made to satisfy the judgment;

(2) Each and every insurance agreement in which the insurer is obligated to defend this action;

(3) Any applicable insurance agreements insuring the defendant(s) in this action;

(4) The policy limits of any and all such agreements, the full name and address of each such insurer, and the policy number(s);

(5) If there are any other claims pending or paid against any such insurance coverage, set forth:
    a. The total amounts already paid from each policy; and
    b. The number of claims made against each policy; and
    c. The total and damnums of any pending claims against each policy; and
    d. The net remaining insurance coverage available.

(6) If there are no other claims pending or paid, an affirmative statement to that effect is required.

(7) If, after requisite investigation, no such reinsurance, excess liability, "umbrella", or "catastrophe" policies are found to exist, so safe in a probative sworn reply to this demand.

(D) WITNESSES' IDENTITIES:

Plaintiff(s) demand that the defendant(s) produce the names and addresses of any and all of the following persons:

(1) The individuals who witnessed the underlying occurrence;

(2) The individuals who were res gestae witnesses;

(3) The individuals who received actual notice of the underlying conditions, which constituted a contributing factor to the underlying occurrence;

(4) The individuals who received constructive notice of the underlying conditions, which constituted a contributing factor to the underlying occurrence;

(5) Individuals who will testify as to any alleged admission(s) made by and/or inferable and/or chargeable and/or imputed to the plaintiff(s);

(6) The individuals who have firsthand knowledge pertaining to the injuries and/or damages, which are claimed herein;

(7) All individuals whom defendant(s) will call at trial to testify in connection with and/or pertaining to the injured plaintiff's physical condition, status, disabilities, injuries, permanencies, pre-existing conditions, re-injuries and damages;

(8) The identities of all investigators and/or photographers who filmed, tape recorded, etc., the injured plaintiff and/or were otherwise involved in the filming, videotaping, tape recording, etc., of the injured plaintiff.

(E) AS TO THE DEMAND FOR EXPERT WITNESS DISCLOSURE:

A statement disclosing in reasonable detail the following:

    (1)    The identify of each expert (name and address) whom each defendant intends to call at the trial of this action;
    (2)    The subject matter in reasonable detail upon which each expert is expected to testify at the trial of this action;
    (3)    The substance of the facts and opinions upon which each expert is expected to testify at the trial of this action;
    (4)    A summary of the grounds of each expert's opinion;
    (5)    The complete qualifications of each expert witness whom defendant(s) intend(s) to call at the trial of this action.

(F)    DEMAND FOR DOCUMENTS REGARDING INSPECTION, MAINTENANCE AND/OR REPAIR OF CONDITION

PLEASE TAKE FURTHER NOTICE, that the undersigned demands on behalf of the plaintiff in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect, and photocopy, each and every record of inspection, maintenance, request for repair and repair at the area of the condition(s) complained of in the complaint during the two (2) year period prior to and including the date of the occurrence within including, but not limited to, written requests, authorizations, permits, permit applications, work orders, out-forms, contracts, logs, log books, letters, charts, maps, diagrams, and/or repair orders.

(G)    DEMAND FOR VEHICLE MAINTENANCE AND REPAIR RECORDS

PLEASE TAKE NOTICE, that the undersigned demands on behalf of the plaintiff in this action, that you produce at the time and place specified, and permit the undersigned to discovery, inspect, and photocopy each and every record of inspection, maintenance and repair of the construction equipment and/or vehicles involved in the occurrence for a period of one year prior to the date of the occurrence.

(H)    DEMAND FOR CONTRACTS

PLEASE TAKE NOTICE, that the undersigned demands on behalf of plaintiff in this action, that you produce at the time and place specified, and permit the undersigned to discovery, inspect and copy each and every contract between any of the parties to this action.

(I)    AS TO THE DEMAND FOR DEFENDANT(S) ADDRESSES

Defendant(s) are required to furnish a verified statement setting forth the post office address and residence of each defendant/third-party defendant/fourth-party defendant, etc.; if any named defendant/third party defendant/fourth-party defendant, etc., is not an individual, then such defendant, third-party defendant/fourth-party defendant, etc., is required to furnish a verified statement of an officer of member of said entity who may be served with process herein.

(J)    AS TO ANY TESTS, INSPECTIONS, OR ACCIDENT RECONSTRUCTION

Defendant(s) are hereby notified pursuant to Balian v. General Motors, 121 N.J. Super. 118 (App.Div.1972) that Plaintiff demands to be present at any inspection, testing, evaluation,

measurements, or accident reconstruction of the premises in question. Failure to be so notified and to be permitted attendance at same will result in a motion to bar said results.

AS TO CONTINUING NATURE OF ALL OF THE DEMANDS SET FORTH ABOVE AND PLAINTIFF(S)' TRIAL POSTURE WITH RESPECT THERETO:

    Notice is hereby given on behalf of the plaintiff(s) herein that each and every demand set forth herein constitutes a continuing demand through the time of trial/retrial of this action.

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated.

                                                    LABarbiera & Martinez
                                                    Attorney for Plaintiff(s)

                       By: _____
                              LUIS A. MARTINEZ, ESQ.

Dated: October 17, 2018

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Luis A. Martinez., Esq. | (201) 854-6444 | Middlesex |

| FIRM NAME (If applicable) | DOCKET NUMBER (when available) |
|---|---|
| LaBarbiera & Martinez | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 9252 Kennedy Blvd. North Bergen, New Jersey 079047 | Complaint & Jury Demand |

JURY DEMAND ■ YES ☐ NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Pablo Otero, Plaintiff | Pablo Otero v. Mahone, et al |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 603N | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ■ YES ☐ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) Agency Insurance Co. ☐ NONE ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: *(signed)*

Effective 10/01/2016, CN 10517                                                                             page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**  ☐ Putative Class Action   ☐ Title 59

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-007104-18**

**Case Caption:** OTERO PABLO VS HUBBERT, JR. GEORGE
**Case Initiation Date:** 11/06/2018
**Attorney Name:** LUIS A MARTINEZ
**Firm Name:** LA BARBIERA & MARTINEZ
**Address:** 9252 KENNEDY BLVD
NORTH BERGEN NJ 07047
**Phone:**
**Name of Party:** PLAINTIFF : Otero, Pablo
**Name of Defendant's Primary Insurance Company**
(if known): Agency Insurance Co.

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/06/2018
Dated

/s/ LUIS A MARTINEZ
Signed